

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BALDEMAR SOLIS, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:20-CV-392-A |
| | § | (NO. 4:16-CR-242-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of movant, Baldmar Solis, to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The court, having considered the motion, the government's response, the reply, the record, including the record in the underlying criminal case, No. 4:16-CR-242-A, and applicable authorities, finds that the motion should be denied.

I.

Background

On October 12, 2016, movant was named in a one-count indictment charging him with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1] 25. Movant was tried and found guilty by a jury. CR Doc. 111.

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-242-A.

The probation officer prepared a presentence report ("PSR") reflecting that movant was accountable for 438 kilograms of methamphetamine. CR Doc. 118 ¶ 40. He received two-level enhancements for use of violence, id. ¶ 41, importation, id. ¶ 42, and maintaining a drug premises. Id. ¶ 43. He received a four-level adjustment for being an organizer or leader, id. ¶ 45, and a two-level adjustment for obstruction of justice. Id. ¶ 46. Based on his total offense level of 43 and a criminal history category of IV, the guideline imprisonment range was life. Id. ¶ 95. Movant filed objections, CR Doc. 120, and the probation officer prepared an addendum to the PSR, rejecting the objections. CR Doc. 123. Movant again made objections. CR Doc. 125. The probation officer prepared a second addendum to the PSR, correcting the fine range. CR Doc. 127.

The court heard some of the objections at the sentencing hearing and sustained objections as to the two-level enhancement for use of violence and the two-level adjustment for obstruction of justice. CR Doc. 150. Movant's guideline range remained the same. Id. Movant was sentenced to a term of imprisonment of life. Id.; CR Doc. 138.

Movant appealed. CR Doc. 140. His sentence was affirmed. United States v. Solis, 750 F. App'x 357 (5th Cir. 2018). Movant

failed to file a petition for writ of certiorari, even though the time for doing so had been extended.

III.

Grounds of the Motion

Movant asserts two grounds in support of his motion. For Ground One, he says "See Sixth Amendment Claim. (Memorandum of Law, at pgs 12-21)." Doc.[2] 6 at 7. For Ground Two, he says "See Fifth Amendment Claim. (Memorandum of Law, at pgs 21-25)." Id.

IV.

Applicable Standards of Review

A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil case.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.   Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before

4

examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

In his first ground, movant argues that his sentence is based on extra-verdict facts obtained in violation of his Sixth Amendment right to trial by jury. Doc. 8 at 9-21. In his second ground, movant argues that the failure of the government and the

court to comply with the statutory requirements of 21 U.S.C. § 851 violated his due process rights and invalidated the life sentence. Id. at 21-25. Movant says that his first ground could not have been raised on direct appeal because Apprendi's constitutional definition of elements is an extremely novel rule that his counsel was not aware of and that he could not have discovered his second ground "until now." Doc. 6 at 8. His conclusory statements are not persuasive. These grounds could and should have been raised on direct appeal and cannot be raised here. See Doc. 17 at 8-9 (discussing why these grounds could have been raised on appeal).

The grounds are without merit in any event. Briefly, Apprendi v. New Jersey, 530 U.S. 466 (2000), holds that, other than the fact of prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. Alleyne v. United States, 570 U.S. 99 (2013), holds that any fact that increases the mandatory minimum sentence for a crime is an element of the crime and not a sentencing factor and must be submitted to the jury. Neither of these cases has any bearing here. Facts relevant to sentencing, such as discretionary guideline enhancements, need only be found by a preponderance of the evidence. United States v. Watts, 519 U.S. 148, 156 (1997);

United States v. Romans, 823 F.3d 299, 316 (5th Cir. 2016). Movant was not sentenced beyond the statutory maximum.

The record reflects that on February 8, 2017, the government filed its penalty enhancement information stating that movant was subject to increased punishment based on his prior conviction for a felony drug offense. CR Doc. 90. Movant does not deny his prior conviction. In fact, in his written response to the penalty enhancement information, he stated that he was "not challenging the validity of the prior conviction." CR Doc. 114 at 2. Any alleged failure to comply with § 851(b) cannot have caused movant any harm. See United States v. Eaglin, No. Civ. H. 09-1139, 2010 WL 1798939, at *8 (S.D. Tex. May 4, 2010).

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby,

7

denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED September 9, 2020.

_____
JOHN McBRYDE
United States District Judge